```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

ROBERT EARL ELLIS                                      PLAINTIFF

VS.                            CIVIL ACTION NO. 3:21CV47TSL-LGI

LT. THELMA MORGAN, ET AL.                             DEFENDANTS

ORDER

This cause is before the court on the report and recommendation of Magistrate Judge LaKeysha Greer Isaac entered on January 26, 2023, recommending (1) that the court grant the summary judgment motion filed by Centurion Defendants (Dr. William Brazier and Dr. Collette Scott) [Dkt. 53], and dismiss Drs. Brazier and Scott based on plaintiff Robert Earl Ellis' failure to exhaust administrative remedies, and (2) that the court also grant the partial summary judgment motion of Mississippi Department of Corrections defendants Ronald King, Richard Pennington, Laura Hopson and Wendell Banks [Dkt. 65] and dismiss these defendants with prejudice based on plaintiff's failure to exhaust.[1] Plaintiff has filed an objection.[2] Having reviewed the report and recommendation and plaintiff's objection, the court concludes that

---

[1] MDOC defendant Thelma Morgan did not join the motion, conceding that plaintiff exhausted his claim as to her.

[2] Plaintiff's objection is styled "Motion to Sustain His Cause of Action."

the objection[3] is overruled and hereby adopts, as its own opinion, the magistrate judge's report and recommendation.

Based on the foregoing, it is ordered that the January 23 report and recommendation of Magistrate Judge Isaac be, and the same is hereby, adopted as the finding of this court.

---

[3]  By his objection, plaintiff, who failed to respond to the defendants' motions for summary judgment, does not address the magistrate judge's findings and conclusions.  Instead, he states that in June 2020, he filed an ARP and that while he filed "a second attempt to get some action in this matter; [the] defendants failed to comply with the rules."  Giving the objection a liberal construction, it appears plaintiff may be asserting that MDOC's alleged failure to respond to his second-step ARP allows him to proceed against the Centurion defendants.  See Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015) ("[I]t is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance").  He is incorrect.  At his omnibus hearing, plaintiff did testify that he submitted an ARP related to his fall in the shower in June of 2020 and that he got a response.  He did not, however, offer testimony that he pursued a second-step appeal of the adverse decision.  The First Step Response Form ARP-2 attached in support of plaintiff's objection is not legible; but even assuming it purports to relate to his fall in the shower, it contains no indication that plaintiff was dissatisfied by the first step response, is not signed by plaintiff and bears no indication that it was actually submitted to or accepted by the Inmate Legal Assistance Program.  See https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last accessed on March 3, 2023) (setting forth, inter alia, requirements for completing MDOC's two-step administrative remedy program).  Therefore, neither his omnibus hearing testimony nor the submitted form is sufficient to create a genuine issue of material fact and preclude summary judgment.

Accordingly, it is further ordered that defendants' motions for summary judgment/partial summary judgment are granted and defendants Brazier, Scott, King, Pennington, Hopson and Banks are dismissed with prejudice.

      SO ORDERED this 6th day of March, 2023.

                                     /s/ Tom S. Lee
                                       UNITED STATES DISTRICT JUDGE