```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

ROBERT EARL ELLIS                                      PLAINTIFF

VS.                         CIVIL ACTION NO. 3:21-cv-47-TSL-LGI

LT. THELMA MORGAN, ET AL.                             DEFENDANTS

ORDER

This cause is before the court on the report and recommendation of United States Magistrate Judge LaKeysha Greer Isaac entered on January 31, 2024, recommending that defendant Thelma Morgan's motion for summary judgment be granted and that defendant Unknown Robinson be dismissed for failure to prosecute. Plaintiff has filed objections. Having reviewed the report and recommendation and plaintiff's objections, the court concludes that the objections should be overruled, and that the magistrate judge's report and recommendation will be adopted as the opinion of the court with the following modifications:

The first three sentences of the first full paragraph on page 14 are stricken.[1] Further, after the first sentence of the second

---

[1] While the report and recommendation credits defendant's proof that plaintiff failed to seek medical care for his alleged injury in the shower, plaintiff testified at his omnibus hearing that he made multiple requests for medical attention for the alleged injury, His testimony is competent summary-judgment evidence. See Wilson v. M.T.C., No. 522CV42DCB-BWR, 2023 WL 6014403, at *4 (S.D. Miss. June 29, 2023), report and recommendation adopted sub nom.

1

paragraph on page 14, the following language is added:  Plaintiff did not allege and more importantly at this point, has failed to come forward with proof that Morgan was either aware of his alleged injury or of his alleged efforts to receive medical attention for it.  In fact, at his omnibus hearing, Ellis testified that after defendant Morgan denied his request for cleaning supplies on May 7, 2021, she left for the day, and he later slipped in the shower.  He further stated that while he immediately began seeking medical intervention for the injuries sustained in the fall, he had no further interactions with defendant Morgan as she had rudely denied his request for cleaning supplies.  Specifically, he testified that because of her "obnoxious attitude," he had "no further use for her."  As the

---

Wilson v. Mgmt. & Training Corp., No. 522CV42DCB-BWR, 2023 WL 4932092 (S.D. Miss. Aug. 2, 2023) (denying summary judgment based on prisoner's omnibus hearing testimony and citing Falcon v. Holly, 480 F. App'x 325, 326 (5th Cir. 2012) (concluding that "sworn testimony at [a] Spears hearing [is] ... relevant to the court's summary judgment review"); Evans v. Mississippi, No. 2:11-cv-002, 2012 WL 4480731, at *4 n.3 (S.D. Miss. Sept. 26, 2012) ("[T]he Court considers ... sworn testimony at the Spears hearing to be competent summary judgment evidence.")); Heinsohn v. Carabin & Shaw, P.C., 832 F.3d 224, 245 (5th Cir. 2016) (stating court may not make credibility determinations at summary judgment stage and that "nonmovant's statement may not be rejected merely because it is not supported by the movant's or its representatives' divergent statements.").

2

record does not demonstrate that defendant Morgan had knowledge of either plaintiff's alleged injury or his alleged efforts to seek medical attention for the injury, it is axiomatic that she was not deliberately indifferent to Ellis' serious medical needs. See Lawson v. Dallas Cnty., 286 F.3d 257, 262-63 (5th Cir. 2002) ("Deliberate indifference requires actual knowledge and disregard of the risk of harm to the plaintiff.") (citing Farmer, 511 U.S. at 834, 114 S. Ct. 1970)).  Finally, in view of the record of delay set forth in footnote 5 of the report and recommendation and the running of the statute of limitations, the dismissal of defendant Unknown Robinson will be with prejudice. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006) (setting forth, inter alia, circumstances under which a Rule 41(b) may be with prejudice).[2]  The report and recommendation is modified to reflect this change.

Accordingly, it is ordered that plaintiff's objections are overruled and that the report and recommendation of United States Magistrate LaKeysha Greer Isaac entered on January 31, 2024, be, and the same is hereby, adopted as the finding of this court with the foregoing modifications.  It follows that the defendant

---

2    Notably, by his objections, Ellis does not mention or address the magistrate judge's recommended dismissal of Unknown Robinson.

Morgan's motion for summary judgment is granted, and that defendant Unknown Robinson is dismissed with prejudice.  Lastly, plaintiff's motion to amend/correct the complaint, whereby he seeks leave to amend his complaint within thirty days of receipt of his medical records from Baptist Hospital in Southhaven, is denied.  As defendant Morgan, the remaining served defendant, did not have knowledge of Ellis' alleged injury or alleged efforts to seek medical attention for it, any amendment at this time would be futile.

    A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

        SO ORDERED this 29th day of March, 2024.

                /s/ Tom S. Lee_____
                UNITED STATES DISTRICT JUDGE